**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4840**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

ALPHEUS SPENCER ADAMS,

              Defendant – Appellant.

───────────

Appeal from the United States District Court for the Western
District of Virginia, at Danville.   Jackson L. Kiser, Senior
District Judge.   (4:08-cr-00033-jlk-3)

───────────

Submitted:  June 29, 2010              Decided:  July 19, 2010

───────────

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robert Hurt, LAW OFFICES OF ROBERT HURT, Chatham, Virginia, for
Appellant.   Ronald Andrew Bassford, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alpheus Spencer Adams was convicted after a jury trial and sentenced to 235 months in prison for one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006), and one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless suggests that the district court may have erred when it denied Adams' Fed. R. Crim. P. 29 motion for judgment of acquittal. Adams filed a pro se supplemental brief, essentially reiterating the objections to his presentence investigation report that counsel raised at sentencing. The Government declined to file a responsive brief. Finding no error, we affirm.

First, we reject counsel's suggestion that the district court may have erred when it denied Adams' Rule 29 motion based on insufficient evidence. "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). This court reviews a sufficiency of the evidence challenge by determining whether, "viewing the evidence in the light most favorable to

2

the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (emphasis omitted).

However, the court may not weigh the evidence or review the credibility of the witnesses. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe[.]" United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (citation omitted). We have reviewed the record and conclude that the Government presented sufficient evidence to support the jury's verdict.

We also affirm Adams' sentence. Adams' presentence investigation report properly placed him in a category I criminal history and attributed him with a total offense level of thirty-eight, yielding a Guidelines range of 235 to 293 months in prison. Moreover, although the district court appropriately heard counsel's argument at sentencing regarding his objections to Adams' Guidelines range calculation, the district court correctly overruled those objections. The district court entertained counsel's argument regarding the weight that should be afforded the 18 U.S.C. § 3553(a) (2006) factors, allowed Adams an opportunity to allocute, and considered the § 3553(a) factors before imposing Adams'

sentence. We find that the district court also adequately explained its rationale for imposing Adams' 235-month sentence and that the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We thus affirm Adams' within-Guidelines sentence. See Allen, 491 F.3d at 193 (recognizing that this court applies an appellate presumption of reasonableness to a within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Adams, in writing, of the right to petition the Supreme Court of the United States for further review. If Adams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED